UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00261-MOC-DSC

| | |
|---|---|
| **MARK GREVERA,** ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **MICROSOFT CORPORATION,** ) | |
| ) | |
| Defendant(s). ) | |

**THIS MATTER** is before the court on defendant's Motion to Strike Plaintiff's Demand for Trial By Jury of His ERISA Claim. As a matter of well-settled law in the Fourth Circuit, ERISA claims are for the court and are <u>not</u> for determination by a jury. <u>Phelps v. C.T. Enterprises, Inc.</u>, 394 F.3d 213, 222 (4th Cir. 2005). Plaintiff's citation to <u>Garrett v. Merchant's, Inc.</u>, 27 F.3d 563 (Table), 1994 WL 266088 1994 (4th Cir. June 17, 1994) in opposing such request is unavailing for two reasons: first, it is an unpublished decision of the Fourth Circuit, and therefore has no precedential value; and second, the opinion is inapposite to plaintiff's argument. Indeed, the appellate court in <u>Garrett</u> held

> [b]ecause all the other remedies sought were equitable in nature, Garrett was not entitled to a jury trial under the Seventh Amendment. *Biggers v. Wittek Industries, Inc.*, 4 F.3d 291, 297 (4th Cir.1993) (claims to recover benefits due under terms of ERISA plan are tried before court, not jury). The request for a jury trial rests entirely on the unfounded assumption that ERISA provides a legal remedy for mental anguish.

<u>Id.</u> at 2.

Finally, plaintiff asserts that he should receive a jury trial on his ERISA claim because he has asserted supplemental tort claims as to which the right to a jury trial

1

attaches. This court has long recognized that the Supreme Court has foreclosed such argument:

> Apparently, Plaintiff believes that this language requires the Court to find that he is entitled to a jury trial on all claims alleged in the complaint if he is entitled to a jury trial on any one claim. The *Lytle* case simply does not require such a finding. Instead, the Supreme Court in *Lytle* was merely addressing the situation where a court improperly dismisses a claim that otherwise should be heard by a jury. The Supreme Court found that the doctrine of collateral estoppel does not preclude the resolution of those claims on remand before a jury simply because the district court heard other claims from the same complaint in a bench trial. "[I]t would be anomalous to hold that a district court may not deprive a litigant of his right to a jury trial by resolving an equitable claim before a jury hears a legal claim raising common issues, but that a court may accomplish the same result by erroneously dismissing the legal claim". *Id.* 110 S.Ct. at 1336–37.
> The Court does not believe that the Supreme Court in *Lytle* in any way intended to provide a means for plaintiffs in ERISA actions to obtain access to a jury trial to which they are otherwise not entitled by cleverly pleading § 301 claims in the same complaint. Thus, the Court believes that the proper disposition of this matter is for a jury to hear the evidence pertaining to the § 301 claim and for the Court to hear evidence pertaining to the ERISA claims. The Court believes that the majority of the evidence can be heard at the same time. Any evidence that is relevant to the ERISA claims alone will be heard by the Court outside the presence of the jury.

<u>Wise v. Dallas & Mavis Forwarding Co.</u> 751 F.Supp. 90, 92 -93 (W.D.N.C. 1990) (Potter, J.) .

The court will follow Judge Potter's reasoning, strike the jury demand as to the ERISA claim, and conduct one trial. The court will decide at the time of the final pretrial conference the details of how this matter will be tried and how evidence relating solely to the ERISA claim will be presented.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Strike Plaintiff's Demand for Trial By Jury of His ERISA Claim (#35) is GRANTED, and plaintiff's jury demand for his ERISA claim is **STRICKEN**.

Signed: February 6, 2013

Max O. Cogburn Jr.
United States District Judge