IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:12-CV-261-MOC-DSC

| | |
|---|---|
| MARK GREVERA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND RECOMMENDATION** |
| ) | |
| MICROSOFT CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on "Defendant's Partial Motion to Dismiss," Doc. 32, filed January 7, 2013, and the parties' associated briefs and exhibits, Docs. 33, 38 and 41.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Partial Motion to Dismiss be denied, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Accepting the allegations of the Amended Complaint as true, and focusing only on the facts relevant to the instant motion, Plaintiff is a forty-eight year old male. Doc. 27 at ¶ 5. On March 11, 1991, Defendant hired Plaintiff as a Support Engineer when he was 28 years old. Id. at ¶ 8. Beginning in June 2000, Plaintiff worked as an Escalation Manager for Defendant at its Commercial Technical Support ("CTS") site in Charlotte, North Carolina. Id. at ¶ 10. Plaintiff was evaluated by at least five different managers and received consistent high marks in his

1

annual evaluations. Id. at ¶ 11. Until very recently, Defendant utilized an evaluation with scores ranging from "underperformed" to "achieved" to "exceeded." Plaintiff consistently received evaluations at the "achieved" and "exceeded" levels. Id. In April 2011, Defendant adopted a stack ranking review model with a forced distribution curve ranging from scores of one to five, with five being the lowest and one being the highest rating. Id. at ¶ 16. After twenty-one years of positive performance, on or about August 2011, Plaintiff received a "5" on his annual evaluation for the 2010-2011 fiscal year. Id. at ¶ 17. Defendant terminated Plaintiff's employment on November 1, 2011. Id. at ¶ 19. Plaintiff alleges that his termination was based on a policy that had a discriminatory impact on employees over the age of forty and was not based on a reasonable factor other than age. Id. at ¶ 43. Plaintiff also alleges that there was a preference for hiring through the Microsoft Academy for College Hires, which disproportionately favored younger employees. Id. at ¶ 31.

On March 23, 2012, Plaintiff initiated this action in Mecklenburg County Superior Court alleging wrongful discharge in violation of public policy as expressed in N.C. Gen. Stat. § 143-422.1 ("NCEEPA"). See Doc. 1. On April 27, 2012, Defendant removed the case to this Court and thereafter filed its Answer on May 24, 2012. Doc. 3. With leave of Court, Defendant filed an Amended Answer to Plaintiff's Complaint on August 13, 2012, including counterclaims for breach of contract, conversion, and detinue, to which Plaintiff replied on September 10, 2012. Docs. 16 & 22.

On September 13, 2012, the U.S. Equal Employment Opportunity Commission ("EEOC") issued Plaintiff a right to sue letter for his Charge of Discrimination based upon violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et

seq. See Doc. 27 ¶ 33. On December 12, 2012, Plaintiff sought leave of Court to amend his Complaint, which was granted without objection from Defendant. Docs. 25 & 26. Plaintiff filed his Amended Complaint, which included three new claims in addition to the state public policy claim: (1) a disparate treatment claim under the ADEA (Count II); (2) a disparate impact claim under the ADEA (Count II); and (3) a claim under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. (Count III), alleging that Defendant terminated his employment to avoid paying him severance benefits.

On January 7, 2013, Defendant filed its Partial Motion to Dismiss. Doc. 32. Defendant argues that Plaintiff's disparate impact claim fails because he alleges a specific intent to discriminate in the use and application of the performance evaluation model, and therefore it is a claim of disparate treatment discrimination, not disparate impact discrimination. In his Response to Defendant's Motion to Dismiss, Doc. 38, Plaintiff argues that he has met the minimum pleading requirements established under the Federal Rules of Civil Procedure and Ashcroft v. Iqbal, 556 U.S. 662 (2009).

The Motion to Dismiss has been fully briefed and is now ripe for review.

## II. DISCUSSION

### A. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be

supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not

4

'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id.

B. **Disparate Impact Claim**

It is unlawful for an employer to fail or refuse to hire or to discharge "any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1) (2006). There are two types of claims that may arise under the ADEA: disparate treatment and disparate impact. When disparate treatment is alleged, "liability depends on whether the protected trait ... actually motivated the employer's decision." Hazen Paper Co. v. Biggins, 507 U.S. 604, 610 (1993). If the employee's age played a role in the employer's decision-making process and had an influence on the outcome, the proper claim is disparate treatment. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 141 (2000). "Proof of discriminatory motive is critical" in disparate treatment cases. Hazen Paper, 507 U.S. at 610.

Disparate impact, on the other hand, involves "employment practices that are facially neutral in their treatment of different groups but that, in fact, fall more harshly on one group than another and cannot be justified by business necessity." Id. (quoting Teamsters v. United States, 431 U.S. 324, 325-26 n. 15 (1977)). No discriminatory motive is required when disparate impact is alleged. Id. However, the employee must isolate and identify "the specific employment practices that are allegedly responsible for any observed statistical disparities." Smith v. City of Jackson, Miss., 544 U.S. 228, 241 (2005). A plaintiff is permitted to present both disparate

5

treatment and disparate impact claims in the same case. Merritt v. WellPoint, Inc., 615 F.Supp.2d 440, 445 (E.D.Va. 2009).

The undersigned finds that at this stage of the proceeding, Plaintiff has stated a plausible disparate impact claim. He identified two employment practices or policies: Defendant's stack ranking review model and the preference for hiring through the Microsoft Academy for College Hires. He also alleged that those policies have had a disparate impact on protected (over age forty) employees. He alleged that other employees over the age of forty were terminated or managed out after the implementation of the stacked ranking review model. Plaintiff need not conclusively establish his prima facie case to survive a motion to dismiss. In the undersigned's view, these allegations are sufficient to withstand dismissal under Rule 12(b)(6). Accordingly, the undersigned respectfully recommends that Defendant's Partial Motion to Dismiss be denied.

## IV. <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendant's Partial Motion to Dismiss," Doc. 32, be **<u>DENIED</u>**.

## V. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also

preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Max O. Cogburn, Jr.

**SO RECOMMENDED**.

Signed: February 20, 2013

David S. Cayer
United States Magistrate Judge