UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00261-MOC-DSC

| | | |
|---|---|---|
| **MARK GREVERA,** | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **MICROSOFT CORPORATION,** | ) | |
| | ) | |
| Defendant(s). | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed as well as a Response to those objections.

Plaintiff initiated this action in Mecklenburg County Superior Court alleging wrongful discharge in violation of public policy as expressed in N.C. Gen. Stat. § 143-422.1 ("NCEEPA"). See Doc. 1. On April 27, 2012, Defendant removed the case to this Court and thereafter filed its Answer on May 24, 2012. (#3). With leave of Court, defendant filed an Amended Answer to plaintiff's Complaint on August 13, 2012, including counterclaims for breach of contract, conversion, and *detinue*, to which plaintiff replied on September 10, 2012. (## 16 & 22).

On September 13, 2012, the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC") issued plaintiff a right to sue letter for his Charge of

1

Discrimination based upon violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*. See Doc. 27 ¶ 33. On December 12, 2012, Plaintiff sought leave of Court to amend his Complaint, which was granted without objection from defendant. Docs. 25 & 26. Plaintiff filed his Amended Complaint, which included three new claims in addition to the state public policy claim: (1) a disparate treatment claim under the ADEA (Count II); (2) a disparate impact claim under the ADEA (Count II); and (3) a claim under the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. § 1001, *et seq.* (Count III), alleging that defendant terminated his employment to avoid paying him severance benefits.

On January 7, 2013, defendant filed its Partial Motion to Dismiss. (#32). Defendant argues that plaintiff's disparate impact claim fails because he alleges a specific intent to discriminate in the use and application of the performance evaluation model, and therefore, it is a claim of disparate treatment discrimination, not disparate impact discrimination. In his Response to defendant's Motion to Dismiss, Doc. 38, plaintiff argues that he has met the minimum pleading requirements established under the Federal Rules of Civil Procedure and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Finding that plaintiff had met the minimal pleading requirements, Judge Cayer recommended denying defendant's Partial Motion to Dismiss. In relevant part, Judge Cayer determined, as follows:

> The undersigned finds that at this stage of the proceeding, Plaintiff has stated a plausible disparate impact claim. He identified two employment practices or policies: Defendant's stack ranking review model and the preference for hiring through the Microsoft Academy for College Hires. He also alleged that those policies have had a disparate impact on

2

> protected (over age forty) employees. He alleged that other employees over the age of forty were terminated or managed out after the implementation of the stacked ranking review model. Plaintiff need not conclusively establish his prima facie case to survive a motion to dismiss. In the undersigned's view, these allegations are sufficient to withstand dismissal under Rule 12(b)(6). Accordingly, the undersigned respectfully recommends that Defendant's Partial Motion to Dismiss be denied.

M&R at 6.

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

Here, defendant has essentially reasserted the position it took in its principle brief, to wit, that a claim of intentional discrimination is not a facially neutral employment practice required to support a disparate impact claim, and that the only facially neutral practice with disparate impact are conclusory allegations contained in paragraph 23 of his

3

Amended Complaint. Despite such objections, the court concludes that the Amended Complaint establishes a plausible legal and factual basis for each claim plaintiff has asserted. Jordan v. Alternative Res. Corp., 458 F.3d 332, 346-47 (4th Cir. 2006). That plaintiff may have pled additional facts or facts in the alternative that may be antithetical to a claim is of no consequence, as the Federal Rules of Civil Procedure envision pleading in the alternative. Fed.R.Civ.P. 8(d)(3) (West 2013). Judge Cayer correctly found that plaintiff stated a plausible disparate impact claim and identified two possible employment practices or policies: (1) defendant's stack ranking review model and Mr. Burroughs preference for hiring through the Microsoft Academy for College Hires (see Amended Complaint (#27) at ¶ 16 & ¶ 31); and (2) plaintiff also alleged that those policies have had a disparate impact on protected (over age-40) employees, and that others over the age of 40 were terminated or managed out after the implementation of the stacked ranking review model (id. at ¶ ¶ 28 & 29), which raises a reasonable inference that hiring from the Mircrosoft Academy for College Hires disproportionately favored younger employees (id. at ¶ 31).

Until recently, a complaint could not be dismissed under Rule 12(b)(6) unless it appeared certain that plaintiff could prove no set of facts which would support its claim and entitle it to relief. Neitzke v. Williams, 490 U.S. 319 (1989); Conley v. Gibson, 355 U.S. 41 (1957). This "no set of facts" standard has been specifically abrogated by the Supreme Court in recent decisions. First, in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Court held that the "no set of facts" standard first espoused in Conley, supra, only describes the "breadth of opportunity to prove what an adequate complaint

claims, not the minimum adequate pleading to govern a complaint's survival." Id., at 563. The Court specifically rejected use of the "no set of facts" standard because such standard would improperly allow a "wholly conclusory statement of claim" to "survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Id., at 561 (alteration in original). Post Twombly, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts in his complaint that "raise a right to relief above the speculative level." Id., at 555.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

Id. (second alteration in original; citation omitted). Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual enhancement." Id., at 557. Instead, a plaintiff must now plead sufficient facts to state a claim for relief that is "*plausible* on its face." Id., at 570 (emphasis added).

While the Court was clear in Twombly that Conley was no longer controlling, it again visited the Rule 12(b)(6) pleading standard in Ashcroft v. Iqbal, 556 U.S. 662 (2009). In Iqbal, the Court determined that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., S.Ct., at 1949. The Court explained that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" Id. (citing Twombly, supra; emphasis added). What is plausible is defined by the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient factual

5

> content that allows the court to draw the reasonable inference that the
> defendant is liable for the misconduct alleged.

Id. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id.  Thus, a complaint falls short of the plausibility standard where a plaintiff pleads "facts that are 'merely consistent with' a defendant's liability . . . ." Id. While the court accepts plausible factual allegations made in a complaint as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

In sum, when ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*) (citations omitted). A complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Id., at 93 (alteration and internal quotation marks omitted). However, to survive a motion to dismiss, the complaint must "state[ ] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.  While a plaintiff is not required to plead facts that constitute a *prima facie* case in order to survive a motion to dismiss, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-15 (2002), "[f]actual allegations must be enough to raise a right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. at 555.

As Judge Cayer found, plaintiff's allegations have raised the right to relief above the speculative level. Whether such allegations will be supported with admissible evidence sufficient to pass review under Rule 56 remains to be seen. After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Objections are **OVERRULED** (#47), the Memorandum and Recommendation (#46) is **AFFIRMED,** and defendant's Partial Motion to Dismiss (#32) is **DENIED**.

Signed: April 3, 2013

Max O. Cogburn Jr.
United States District Judge