UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00261-MOC-DSC

| | | |
|---|---|---|
| **MARK GREVERA,** | ) | |
| Plaintiff, | ) ) | |
| Vs. | ) ) ) | ORDER |
| **MICROSOFT CORPORATION,** | ) ) | |
| Defendant. | ) ) | |

**THIS MATTER** is before the court on review of a non-dispositive Order issued by Honorable David S. Cayer, United States Magistrate Judge, in this matter. Defendant has filed objections to such Order.

The district court has authority to assign non-dispositive pretrial matters pending before the court to a magistrate judge to "hear and determine." 28 U.S.C. § 636(b)(1)(A). When reviewing an objection to a magistrate judge's order on a non-dispositive matter, the district court must set aside or modify any portion of that order which is clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a). To show that a magistrate judge's order is contrary to law, the objecting party must show that the magistrate judge failed to apply or misapplied statutes, case law, or procedural rules. See Catskill Dev. LLC v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y.2002).

The court has carefully reviewed the Order (#77) as well as the Objection (#81) and plaintiff's Response (#84) , and has determined that the Order of the magistrate judge is fully consistent with and supported by current law. Further, such Order is fully consistent with the practice of this court to liberally allow discovery as to relevant issues. Indeed, Rule 30(b)(6),

Federal Rules of Civil Procedure, requires corporate parties to prepare their designee to testify with "reasonable particularity" as to areas of which it has knowledge, and as to those areas as to which it does not have knowledge, it must be prepared to introduce evidence explaining why it lacks such knowledge. United States v. Taylor, 166 F.R.D. 356, 362 (M.D.N.C. 1996). The fact that such preparation may be burdensome or expensive will not suffice; instead, the burden is on the corporation to show that it is *unduly* burdensome or *unduly* expensive to so prepare.

Under Rule 26(b)(2)(C), the frequency or extent of otherwise appropriate discovery may be limited if the court determines that: (i) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; (ii) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or (iii) "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2)(C)(i)–(iii). The rule "cautions that all permissible discovery must be measured against the yardstick of proportionality." Lynn v. Monarch Recovery Management, Inc., 285 F.R.D. 350, 355 (D.Md.2012) (quoting Victor Stanley, Inc. v. Creative Pipe, Inc., 269 F.R.D. 497, 523 (D.Md.2010)). In this case, plaintiff asserts a disparate impact claim, contending that defendant has implemented a performance review policy designed to eliminate older workers. Plaintiff's notice of deposition seeks information clearly relevant to his claim; there is no showing that such is an insubstantial claim or that defendant lacks the resources to undertake such inquiry; plaintiff's claim, if true, is precisely the type of conduct which the ADEA was intended to

discourage; and the deposition as noticed is clearly tailored to secure information necessary to resolve such claim and this action. Based on such determination, the court will overrule the objection and fully affirm the Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Objection (#81) is **OVERRULED,** and the Order (#77) is **AFFIRMED.**

Signed: October 11, 2013

Max O. Cogburn Jr.
United States District Judge